**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LAWRENCE SCHULTZ, and LINDA
SCHULTZ, his wife,

      Plaintiffs,

          v.

THOMAS D. MCGROARTY and
WILKES-BARRE CITY,

      Defendants.

CIVIL ACTION NO. 3:03-CV-2028

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Defendants' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).  (Doc. 8.)

Because there is no allegation of any adverse employment action, the motion will be granted.  Moreover, the Court declines to exercise supplemental jurisdiction under 28 U.S.C.  § 1367 with respect to the state claims made in the complaint.

## STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings.  A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice.  *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367.  A court should only grant a motion for judgment on the pleadings if it is clear that

1

the merits of the controversy can be fully and fairly decided in this summary manner. *See Id*. at § 1369.

In deciding a motion for judgment on the pleadings, a court must consider the facts alleged in the pleadings and inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. Of E. Montgomery County*, 271 F.3d 140, 144-45 (3d Cir. 2001); *McCoy v. Southeastern Pa. Transp. Auth.*, No. 01-5881, 2002 WL 376913 at *1 (E.D. Pa. 2002). The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover. *See Oxford Assocs.*, 271 F.3d at 144-45; *McCoy* 2002 WL 376913 at *1.

## DISCUSSION

This is an action brought by the Plaintiffs against Thomas D. McGroarty, individually and in his capacity as the Mayor of the Defendant, Wilkes-Barre City. It is a four count complaint which alleges a violation of the Plaintiffs' rights under the First Amendment to the United States Constitution under 42 U.S.C. § 1983. In addition, the complaint asserts three (3) state claims: defamation, false light invasion of privacy (Count III), and invasion of privacy-publicity given to private life based upon false and defamatory statements made by Defendant McGroarty.

The gravamen of the complaint is that Lawrence Shultz, a Wilkes-Barre City firefighter, who is covered by the Wilkes-Barre City Group Health Insurance Plan, was at the time of the election for mayor, along with his wife Plaintiff Linda Schultz, openly opposed to the re-election of Defendant McGroarty as mayor. Indeed, the Plaintiffs

2

campaigned against the re-election of Defendant McGroarty.  During the course of the election, and in a debate with his opponent, Defendant McGroarty, allegedly in retaliation against Plaintiffs' exercise of their free speech rights, did disparage Plaintiffs by accusing them of criminal acts, in particular, that Plaintiffs had received the benefit of double insurance coverage as a result of bigamist relationship on the part of Plaintiff Linda Schultz.  The Complaint further alleged that Defendant McGroarty accused Plaintiff Lawrence Schultz of "double dipping" and that the city received a refund as a result of the "double dipping" and that there was an investigation of the circumstances, all of which the Plaintiffs allege was untrue.

In order to state claim under 42 U.S.C. § 1983, the Plaintiffs must allege (1) that Plaintiffs were deprived of a right or privilege secured by the Constitution of the United States; and (2) that the Defendants acted under color of state law.  *Anderson v. Davilla*, 125 F.3d 148, 159 (3d Cir. 1997).  Since this is a First Amendment case, the test becomes more refined and is a three (3) step test to evaluate a "public employee's claim of retaliation for engaging in activity protected under the First Amendment."  *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).  "First, the employee must show that the activity is in fact protected."  *Id*. (citing *Pickering v. Board of Education*, 391 U.S. 363 (1968)).  "Second, the employee must show that the protected activity `was a substantial factor in the alleged retaliatory action.'"  *Id*. (quoting *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Thomas v. Town of Hammonton*, 351 F.3d 108 (3d Cir. 2003).  "Third, the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place

in the absence of the protected activity." *Id.*  Assuming that the activity in which the Plaintiffs' engaged is protected, there is no retaliation that is actionable.  The retaliation contemplated under § 1983 regarding a First Amendment claim is an adverse employment action taken by the employer.  An adverse employment action includes such things as discharge, failure to promote, reassignment with significant different responsibilities, or a decision causing significant change in benefits.  In short, it is a significant change in employment status.  *See Burlington Industries v. Ellerth*,  524 U.S. 742, 761 (1998).  Moreover, the adverse action must be more than *de minimus*.  *See McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) ("[N]ot every critical comment - or series of comments - made by an employer to an employee provides a basis for a colorable allegation that the employee has been deprived of his or her Constitutional rights.").

Viewing the allegations of the Complaint in the light most favorable to Plaintiffs, there is simply no allegation of any adverse employment action.  Plaintiffs allege that the Defendants' comments were defamatory because they accused them of a crime and they were untrue.  They also allege that Defendants' comments were meant to intimidate them and others who opposed Defendant McGroarty in the campaign.  This conduct does not rise to the level of an adverse employment action.  *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) ("[C]ourts have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands.") (quoting *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000)).  As such, Plaintiffs' claim fails without the necessity of considering the other elements.

4

In view of the foregoing, I decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.  Therefore, Defendants' motion will therefore be granted and the case will be dismissed.

An appropriate order follows.

 March 28, 2006                                       /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LAWRENCE SCHULTZ, and LINDA
SCHULTZ, his wife,

     Plaintiffs,

        v.

THOMAS D. MCGROARTY and
WILKES-BARRE CITY,

     Defendants.

NO. 3:03-CV-2028

(JUDGE CAPUTO)

## ORDER

    **NOW**, this  28th  day of March, 2006, **IT IS HEREBY ORDERED** that:

    a.    Defendants' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 8) is **GRANTED**.

    b.    The Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

    c.    The Clerk of Court shall mark this case **CLOSED**.

                  /s/ A. Richard Caputo
                 A. Richard Caputo
                 United States District Judge